UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 5204 PAINTED SANDS,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; et al.,<br><br>    Defendants. | 2:13-cv-1200-LDG-PAL |

   On July 7, 2013, the court granted plaintiff's motion for a temporary restraining order (#8) pending a ruling on plaintiff's motion for preliminary injunction. This matter comes before the court on defendant Wells Fargo Bank, N.A.'s motion to dismiss, and plaintiff's motion for preliminary injunction. On August 6, 2013, the court conducted a hearing and determined that it should consider the motion to remand before considering preliminary injunctive relief. The briefing on the motion to remand (#15, response #22, reply #24), which was still pending at the time of the hearing, has now been completed.

   Plaintiff asserted two general arguments in support of remand: application of the prior exclusive jurisdiction doctrine and lack of diversity. In its reply brief, plaintiff withdrew its prior exclusive jurisdiction argument. Regarding its diversity argument, plaintiff maintains that Quixote Ventures Opportunity Fund, LLC, is properly named as a defendant, indeed a necessary party, because Quixote Ventures may have a claim for wrongful foreclosure against the homeowners

association, and plaintiff cannot obtain title insurance without that party's inclusion.  However, plaintiff's complaint does not allege any facts specific to Quixote Ventures, and fails to assert a case and controversy against it.  Moreover, as Wells Fargo points out, Nevada law eliminates any legal necessity to quiet title and legal remedies available to Quixote Ventures against the plaintiff with regards to the foreclosure sale.  Accordingly, the motion to remand will be denied.

 The court has also reviewed the briefs on defendant Wells Fargo's motion to dismiss (#4, response #12, reply #20) and motion for preliminary injunction (#6, response #7), which  highlight the divide in this district over whether, pursuant to NRS 116.3116(2), a first, position deed of trust is extinguished upon an HOA foreclosure sale.  With two exceptions, the courts of this district, including this court, see Kal-Mor-USA, LLC v. Bank of America, N.A., No. 2:13-cv-0680-LDG-VCF, 2013 WL 3729849 (D. Nev. July 8, 2013), have held that NRS 116.3116(2)( c) creates a limited super priority lien for nine months of HOA assessments leading up to the foreclosure, but it does not eliminate the first security interest.  See Premier One Holdings, Inc. v. BAC Home Loans Servicing LP, No. 2:13-CV-895-JCM-GWF, 2013 WL 4048573 at *3 (D. Nev. Aug. 9, 2013) (citing cases); see also LDG Series 125 v. Welles, No. 3:13-cv-0503-LRH-WGC, 2013 WL 6175813 (D. Nev. Nov. 25, 2013) (accord); but see SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A., No. 2:13-cv-1153-APG-PAL (granting injunctive relief in favor of the HOA) and 7912 Limbwood Court Trust v. Wells Fargo Bank, N.A., No. 2:13-cv-0506-PMP-GWF, 2013 WL 5780793 (D. Nev. Oct. 28., 2013).

 As a result of the issue being raised initially in defendants' reply brief, the 7912 Limbwood court's due process analysis did not take into account the argument of the holder of the first deed of trust, Wells Fargo, that, because the statutory notice provisions of Chapter 116 do not require notice to a first deed of trust holder, it afforded inadequate due process to prior lienholders to protect their interests and is at odds with the general non-judicial foreclosure requirements of Chapter 107.  See 2013 WL 5780793 at *10.  Notwithstanding that procedural ruling, this court

considers the lack of mandatory notice to prior lienholders to be relevant both to a due process analysis and a consideration of the legislature's intent regarding extinguishment when enacting NRS 116.3116. See Fairway Estates Assoc. of Apartment Owners v. Unknown Heirs and Devisees of Young, 172 Wash. App. 168, 181, 289 P.3d 675, 682 (Wash. Ct. App. 2012) (the legislature could not have intended that a fee simple holder could be divested of property through foreclosure without notice and through no fault of its own, while a HOA's interests are fully protected by a lien attaching to a leasehold interest).  Accordingly, the court will order supplemental briefing on that issue before considering the motion to dismiss and preliminary injunctive relief.

THE COURT HEREBY ORDERS that plaintiff's motion to remand (#15) is DENIED.

THE COURT FURTHER ORDERS that the parties shall have 30 days from the date of this order in which to file supplemental briefs on whether a lack of mandatory notice to prior lienholders bears on due process or the legislature's intent regarding extinguishment when enacting NRS 116.3116.

THE COURT FURTHER ORDERS that any responses shall be filed within 10 days after the filing of the supplemental briefs.

DATED this 12 day of December, 2013.

_____
Lloyd D. George
United States District Judge